FLYNN, HARRISON & CONROY, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 28322.  Promulgated November 12, 1930.

*Ward Loveless, Esq.*, for the petitioner.
*Bruce A. Low, Esq.*, for the respondent.

286

OPINION.

MATTHEWS: As the contract had a fair value of $25,346.61 on July 12, 1921, the date it was acquired by petitioner, and the stock issued therefor also had a fair value of $25,346.61, the cost of the contract

to petitioner was $25,346.61. The petitioner operated under the contract from the date of its acquisition until December 31, 1922. Since the contract was property acquired by petitioner at a cost of $25,346.61 and was used in the business, it is necessary for us to determine only whether the contract had such a definite life as to entitle petitioner to a deduction for exhaustion of such property, or whether the petitioner sustained a loss from such cancellation which is allowable as a deduction from income in the year the contract was canceled, 1922.

Looking to the terms of the instrument, we find the clause above set forth fixing the duration of the contract. In view of this provision, we conclude that the life of the contract was so fixed and definite as to allow a yearly deduction for exhaustion under the Board's decisions. Its term was two years. We need not concern ourselves with the provisions in the contract for its extension beyond this period. In a long line of decisions this Board has held that a contract right is property, and we have allowed a deduction for the exhaustion of such property where the life of the contract was for a fixed or determinable period. *Grosvenor Atterbury*, 1 B. T. A. 169; *Atlantic Carton Corporation*, 2 B. T. A. 380; *Individual Towel & Cabinet Service Co.*, 5 B. T. A. 158; *Guelph Hotel Corporation*, 7 B. T. A. 1043; and *Powell Coal Co.*, 12 B. T. A. 492.

The contract was acquired by petitioner on July 12, 1921. Its term ended on November 1, 1922. At the time acquired, therefore, it had a remaining life of 15 months and 19 days. The cost of the contract should have been exhausted over this period. It does not appear that the petitioner claimed any deduction therefor prior to the year 1922. For the year 1922, as the contract was terminable on the first of November of that year, the deduction allowable by way of exhaustion should be calculated on the basis of 10 months' exhaustion of a contract having a life of 15–19/31 months. On this basis, since full exhaustion of the cost price is allowed over the remaining life of the contract from time it was acquired, the fact that it continued in force from November 1, 1922, until December 31 of that year is immaterial.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*

MURDOCK dissents.